UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOEL FERGUSON, et. al                                                                                    PLAINTIFFS

v.                                        No. 5:20-CV-05053

CMS TECHNOLOGY, et. al                                                                              DEFENDANTS

## OPINION AND ORDER

Before the Court is the Parties' Joint Motion for Protective Order (Doc. 35) and proposed protective order (Doc. 35-1). The proposed protective order concerns the production of documents, information, and things produced by nonparty Tyson Foods, Inc. ("Tyson") pursuant to a Subpoena Duces Tecum issued by Plaintiffs and Defendants. Information about Tyson or "persons in privity of contract with [Tyson]" is covered by the proposed order. The motion will be GRANTED, and an amended protective order will be entered.

Federal Rule of Civil Procedure 26(c)(1)(G) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by "requiring that a trade secret or other confidential research, development or commercial information not be revealed or be revealed only in a specified way." "The burden is therefore upon the movant to show the necessity of its issuance, which contemplates 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973) (citing Wright & Miller, *Federal Practice and Procedure: Civil* § 2035 at 264-65).

The parties have shown good cause for the entry of a protective order as to documents containing confidential business, financial, or proprietary information produced by Tyson. Trade secrets and other confidential commercial information fall squarely within the ambit of

1

Rule 26(c). "Where discovery of confidential commercial information is involved, the court must 'balance the risk of disclosure to competitors against the risk that a protective order will impair prosecution or defense of the claims.'" *Bussing v. COR Clearing, LLC*, 2015 WL 4077993, at *2 (D. Neb. July 6, 2015) (quoting *Nutratech, Inc. v. Syntech (SSPF) Int'l, Inc.*, 242 F.R.D. 552, 555 (C.D. Cal. 2007)). Here, each party appears to agree as to the proposed protective order. The protective order will neither impair prosecution nor the defense of the claims. The Court finds that good cause has been shown for the entry of a protective order regarding documents containing confidential business, financial, or proprietary information produced by Tyson.

The proposed protective order also protects confidential personal information. The proposed protective order does not specifically list what information qualifies as confidential personal information, but the Court will interpret this to mean sensitive personally identifying information including, but not limited to, social security numbers, birthdates, bank account numbers, personnel files, and other sensitive personal information.

The proposed protective order states "[t]his Order may be amended without leave of the court by the agreement of counsel for the parties in the form of a stipulation that shall be filed in this case." (Doc. 35-1, p. 4). The protective order will be revised to reflect that it can only be amended with leave of the Court.

Finally, the proposed protective order will be revised to clarify that the protective order controls the use of confidential information except during trial. The protective order will clarify that parties intending to use confidential information must disclose that intent to the producing party and other parties prior to trial, and that any party who wants to restrict access to confidential information during trial must move the Court for that relief prior to trial.

The Court will separately enter a revised protective order.

IT IS SO ORDERED this 11th day of March, 2021.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE