UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOEL FERGUSON, et al.                                                    PLAINTIFFS

v.                                  No. 5:20-CV-05053

CMS TECHNOLOGY, et al.                                       DEFENDANTS

## OPINION AND ORDER

      Before the Court are two motions (Docs. 43 and 45) to exclude Plaintiffs' expert witness testimony and evidence, filed by Defendants CMS Technology and Adam Krieger.[1] CMS Technology and Krieger also filed briefs (Docs. 44 and 46) in support. Plaintiffs filed responses (Docs. 61 and 63) and briefs (Docs. 62 and 64) in opposition. The motions will be denied.

      CMS Technology and Krieger ask the Court to exclude any expert witness evidence to be proffered at trial by Plaintiffs' non-retained medical experts—medical providers who treated Plaintiffs' injuries that gave rise to this lawsuit. Alternatively, CMS Technology and Krieger ask the Court to exclude any opinion from these experts on the matters of "reasonableness or necessity of any medical expenses, past or future, and as to any future limitation of the Plaintiffs, including on the issue of inability to work or future work restrictions or future loss of income" (Doc. 46, p. 6). and to disallow other experts from relying on any opinions from the non-retained experts. The basis for this motion is CMS Technology and Krieger's contention that Plaintiffs failed to make the necessary disclosures for these non-retained experts.

      Federal Rule of Civil Procedure 26(a)(2) controls expert witness disclosures. Under Rule 26(a)(2)(B), non-retained experts are not required to produce a written report, and a disclosure

---

[1] In addition to defending against Plaintiffs' claims, CMS Technology and Adam Krieger are cross-claimants and cross-defendants in crossclaims brought against and by Defendant Brainerd Chemical Company.

must be made only of

> (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
> (ii) a summary of the facts and opinions to which the witness is expected to testify.

Fed. R. Civ. P. 26(a)(2)(C). Plaintiffs identified these non-retained experts by name, address, general scope of practice, and relation to Plaintiffs for CMS Technology and Krieger. For each non-retained expert, and following Rule 26(a)(2)(C)(i), Plaintiffs disclosed that they anticipated the provider was expected to testify that each Plaintiff's treatment was "reasonable, necessary and related to his exposure to CMS's chemical on June 18, 2019," and also that certain providers would testify regarding specific injuries or issues. (Doc. 62-2, pp. 2–7). Following Rule 26(a)(2)(C)(i), Plaintiffs also summarized the non-retained experts' expected fact and opinion testimony as "consistent with . . . medical records and bills previously provided." (Doc. 62-2, pp. 2–7). That is, the experts' opinions are reported in the medical records Plaintiffs disclosed during discovery. After the disclosures, it appears that CMS Technology and Krieger propounded no new formal discovery regarding any of these non-retained experts, and elected not to depose any of them. CMS Technology and Krieger now argue they will be prejudiced if these providers are allowed to testify, or if other experts are allowed to rely on these providers' opinions.

The central argument CMS Technology and Krieger make for exclusion is that the substance of the non-retained experts' opinions has not been disclosed. "But in this case as in most cases tried under the Federal Rules of Civil Procedure surprise is a poor reason to exclude expert testimony . . . when Rule 26(b)(4) makes it so easy to get pretrial discovery of the other side's expert evidence." *Abernathy v. Superior Hardwoods, Inc.*, 704 F.2d 963, 969 (7th Cir. 1983). Plaintiffs' subject matter and summary disclosures for each of these non-retained experts are more than adequate to put CMS Technology and Krieger on notice to conduct additional

discovery into these experts' opinions if the opinions reflected in medical charts and billing records left CMS Technology and Krieger with questions. The possible need for additional discovery should be especially apparent here, when experts are treating medical providers with firsthand knowledge of material facts. Surprise is a poor reason to exclude expert testimony, even more so when the surprise arises out of a tactical decision to conduct no further discovery.

CMS Technology and Krieger also seek the exclusion of any expert witness evidence to be proffered at trial by Dr. Tanya Owen and Dr. Ralph Scott. Dr. Owen and Dr. Scott are retained expert witnesses who relied on the medical records and bills identified above, and on communication with the non-retained experts. The central argument CMS Technology and Krieger make for exclusion of Dr. Owen and Dr. Scott's testimony is premised on these experts' reliance on the non-retained experts' opinions, which were not disclosed. As the premise for the argument for excluding Dr. Owen and Dr. Scott's testimony was already rejected by the Court in addressing the non-retained expert opinions, the argument itself is rejected here.

IT IS THEREFORE ORDERED that the motions to exclude expert testimony (Docs. 43 and 45) are DENIED.

IT IS SO ORDERED this 5th day of April, 2021.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE